### GEORGE JOHNSON ET AL. v. STATE OF OHIO.

1. PAYMENT OF A CONTESTED FINE TO SAVE SURETIES NOT VOLUNTARY.

   The daughters of a person sentenced to pay a fine, to save its payment pending error proceedings, by arrangement with the prosecuting attorney, gave the clerk a mortgage to indemnify against loss from delay in collecting. The error proceeding not being heard at the next term, and the mortgage coming due, the prosecutor proceeded to foreclose. The accused, to save his daughters, raised the money and paid the fine. This is held not to have been a voluntary payment.

2. COMPLETE TRANSCRIPT MUST ACCOMPANY PETITION IN ERROR.

   A petition in error, not accompanied by a complete certified transcript, on motion, will be stricken from the files.

3. ALTERATION OF BILL OF EXCEPTIONS INVALIDATES.

   A bill of exceptions altered without authority, by one party, after signing by the court, will, on motion, be stricken from the files.

ERROR to the Court of Common Pleas of Guernsey county.

Defendants were indicted, tried in the common pleas, and convicted. The sentence was an imposition of a fine and a commitment. They prosecuted error, at once, to the circuit court. In order to save themselves the payment of the fine pending the suit in error, and supposing that the case would be disposed of at the next term of the circuit court, so as to define the rights of the parties, an arrangement was made with the clerk and the prosecutor, by the terms of which collection of the fine was suspended in consideration of the daughters of George Johnson executing and delivering to the clerk an indemnifying mortgage to secure him against loss from delay. At the next term of the circuit court the case was not finally disposed of but was continued. Thereupon, the mortgage becoming due, the prosecutor demanded payment of the fine and costs, and default being made, proceeded to foreclose against the mortgagors. Johnson was insolvent, and execution-proof, and the proceeding to foreclose affected him, if at all, only indirectly. To save his sureties, his daughters, he raised the money and paid the fine and costs. To the petition in error an answer, alleging voluntary payment of the amount due on the judgment below, was filed, and with it issue was made by a reply setting up the above facts so far as they did not otherwise appear upon the record. An agreed statement of facts, also including them, and the further fact that upon the payment of the fine a receipt was given by the sheriff, stating among other things, that the payment was under protest, was made and submitted.

The case was for hearing, also, upon a motion to strike the bill of exceptions from the files, for the alleged reason that the same had been altered after its signing by the court, without the knowledge or consent of the court or the prosecutor, on consideration of which the court found the facts stated to be true.

FRAZIER, J.

Held, that the payment shown by the pleadings and the agreed statement of fact, was not voluntary; and, the facts stated in the motion being found to be true, that it should be sustained.

Held, further, that a motion to strike the petition in error from the files, because it was not accompanied by a complete certified transcript, should be sustained.

J. M. Bushfield, and T. W. Phillips, for plaintiffs in error.

J. H. Mackey, *contra.*